# EXHIBIT 5

**ADDENDUM**
**TO THE**
**FIDUCIARY SERVICES AGREEMENT**
**BY AND BETWEEN**
**NEIL M. BROZEN,**
**AN INDIVIDUAL**
**AND ASBURY CARBONS, INC.**
**A DELAWARE CORPORATION**

**WHEREAS**, NEIL M. BROZEN, an individual resident of the State of Minnesota (the "Trustee") and Asbury Carbons, Inc., a Delaware corporation (the "Company") entered into an Addendum to the Fiduciary Services Agreement dated as of August 23, 2022 (the "Agreement"), a copy of which is appended hereto as Exhibit A, pursuant to which the Trustee of the Asbury Carbons, Inc. Employee Stock Ownership Trust (the "**Trust**") participated in a bidding process in which the Company solicited Letters of Intent ("LOI") from potentially interested parties to acquire substantially all of the equity of the Company;

**WHEREAS,** the Company executed a non-binding LOI with Mill Rock Capital ("Buyer") on October 12, 2022 to sell all or a portion of the employer securities of the Company to Buyer (collectively, the "Transaction");

**WHEREAS**, the Trustee and the Company (each individually a "Party" and collectively the "Parties"), desire to adopt this Addendum to the Agreement so as to detail the Trustee's acceptance of fiduciary obligations under ERISA Section 3(21)(A) for the purpose of evaluating the Trust's participation in and/or consideration of the Transactions.

**THEREFORE**, effective as of October 20, 2022, the Parties agree to update the Agreement in accordance with the terms of this Addendum:

1. All capitalized terms not otherwise defined within this Addendum shall have the meaning attributed to them within the Agreement and, except as otherwise explicitly provided in this Addendum, the terms and limitations of the Agreement shall continue to control the relationship of the Parties. Nothing in this Addendum shall be construed as limiting an obligation that the Company has to the Trustee under the terms of the Agreement or to expanding the services or obligations of the Trustee to the Company or the Trust except as otherwise explicitly provided in this Addendum.

2. For the purpose of the Transactions, Section 1.2 of the Agreement shall be amended to include the following paragraph at the end thereof:

> In connection with the Transaction, the Trustee shall provide the services identified on Schedule 1 of this Addendum. Except as otherwise provided in the Agreement or this Addendum, the Trustee shall not be responsible for provision of any services other than the services identified on Schedule 1.

3. For the purpose of the Transactions, Section 2.1(a) of the Agreement shall be amended to include the following:

In consideration of the Trustee's agreement to exercise his fiduciary responsibility in connection with the Transaction, the Company hereby agrees to pay to the Trustee a transaction responsibility fee (the "Transaction Responsibility Fee") in the amount of $75,000. The Transaction Responsibility Fee shall be paid in two payments of $37,500, the first payment being due and payable on the approval of this Addendum and, the second payment of $37,500 is due and payable upon the earlier of (A) the day of the consummation of the Transaction and (B) January 31, 2023. The Transaction Responsibility Fee shall be earned, due and payable in full regardless of whether or not the Transaction is consummated. In the event the structure of the Transaction is revised in a manner that requires greater responsibility on the part of the Trustee or increases the probability or magnitude of the fiduciary liability to which the Trustee is exposed, then the Trustee shall be entitled to request an additional professional fee commensurate with the marginally greater responsibility or probability or magnitude of potential fiduciary liability. Such additional professional fee will be proposed by the Trustee and will not be effective until approved in writing by Company.

4. In all other respects, the Agreement shall remain unchanged.

(signature page immediately follow)

**IN WITNESS WHEREOF**, the undersigned hereby causes this Agreement to be duly executed and delivered by its authorized officer as of the date first written above.

Asbury Carbons, Inc.
A Delaware corporation

Noah Nichelson
______________________________
Noah Nichelson, President

**IN WITNESS WHEREOF**, the undersigned hereby causes this Agreement to be duly executed and delivered as of the date first written above.

Neil M. Brozen,
an individual

Neil M. Brozen

________________________________
Neil M. Brozen

Neil M. Brozen

**SCHEDULE 1**
**SCOPE OF SERVICES**

The scope of services provided by the Trustee in accordance with Section 1.2 of this Agreement as modified by this Addendum consists of the only the following services:

1. The Trustee shall serve as a discretionary trustee of the Trust.

2. The Trustee shall conduct a due diligence review of the Company and its business operations;

3. The Trustee shall evaluate the relative and absolute fairness of the financial terms and conditions of the Transaction;

4. The Trustee shall, in his sole and absolute discretion, negotiate the other terms and conditions of the Transaction; provided, however, nothing in the preceding clause shall obligate the Trustee to negotiate; and

5. The Trustee shall divest of employer securities to the extent the Trustee, in his sole and absolute discretion, determines that such investment is prudent and consistent with his fiduciary responsibilities under ERISA.

The Trustee's scope of services does not consist of, inter alia, the following:

1. Serving as a fiduciary in respect of any employee benefit plan or trust implementing or forming a part of any employee benefit plan, other than the Trust.

2. Provision of tax preparation, tax consulting, financial planning, recordkeeping, accounting (including audit, compilation or review services), or other reporting services for the Plan;

3. Provision of investment management, investment advising, financial planning, insurance consulting, securities brokering, or real estate services;

4. Determination of the adequacy of the assets of the Trust to meet and discharge any liabilities under the Plan and Trust;

5. Enforcing payment of any contribution to the Trust and for the timing and amount thereof;

6. Establishing funding standards adopted for the Trust and Plan and for funding any repurchase liability created by the Trust and Plan; and

7. To the fullest extent permitted by ERISA, investigating the acts or omissions of any and all predecessor or successors fiduciaries of the ESOP.

**EXHIBIT A**