**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LANCE MILLER and LARRY RICHARDSON, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>NEIL BROZEN, ASBURY CARBONS, INC., PATRICK SOOK and ASBURY CARBONS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Defendants. | Civil Action No.: 3:23-cv-02540-PGS-DEA<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Motion Day: October 2, 2023** |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE CERTAIN EXHIBITS ATTACHED TO DEFENDANTS' MOTION TO DISMISS.

Seth R. Lesser
Jeffrey A. Klafter (*Admitted PHV*)
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573

Michael A. Galpern
Javerbaum Wurgaft Hicks Kahn
Wikstrom and Sinins, P.C.
1000 Haddonfield-Berlin Road,
Suite 203
Voorhees, NJ 08043

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………...…………1

LEGAL STANDARD…………………………………………………………...1

ARGUMENT……………………………………………………………………….3

A. The Court Should Strike Exhibits 3, 4 and 5 to the Administrator Defendants' Brief……………………………………………………………3

B. The Court Should Strike Exhibits 2, 3 and 4 to the Griffith Declaration……6

CONCLUSION…………………………………………………………………8

# TABLE OF AUTHORITIES

*Circle of Friends ADHC, Inc. v. Nedler*,
2006 WL 1030375 (E.D. Pa. April 18, 2006) .................................................. 2

*Danza v. Fid. Mgmt. Trust Co.*,
2012 U.S. Dist. LEXIS 116991 (D.N.J. Aug. 20, 2012) .................................... 6

*Fosburg v. Lehigh Univ.*,
1999 U.S. Dist. LEXIS 2833 (E.D. Pa. Mar. 4, 1999) ....................................... 5

*Glaberson v. Comcast Corp.*,
2006 WL 2559479 ........................................................................................... 3

*Hall v. Johnson & Johnson*,
2019 U.S. Dist. LEXIS 221513 (D.N.J. Dec. 27, 2019) .................................... 5

*Hull v. Policy Mgmt. Sys. Corp.*,
2001 U.S. Dist. LEXIS 22343 (D.S.C. Feb. 9, 2001) ........................................ 6

*Ieradi v. Mylan Lab., Inc.*,
230 F.3d 594 (3d Cir. 2000) ............................................................................ 2

*In re Astea Int'l Inc. Sec. Litig.*,
2007 U.S. Dist. LEXIS 58238 (E.D. Pa. Aug. 8, 2007) ................................. 1-2

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) .......................................................................... 3

*In re Duke ERISA Litig.*,
281 F. Supp. 2d 786.3 2003 ............................................................................. 6

*J/H Real Estate Inc. v. Abramson*,
901 F. Supp. 952 (E.D. Pa. 1995) ................................................................... 2

*Pension Benefit Guar. Corp. v. White Consolidated Indus., Inc.*
998 F.2d 1192 (3rd Cir. 1993) ......................................................................... 2

*Pietrangelo v. NUI* Corp.,
2005 LEXIS 40832 (D.N.J. July 20, 2005)……………………………………...5

**RULES & REGULATIONS**

Fed. R. Civ. P. 12 .......................................................................................... 1, 2, 3

Federal Rule of Evidence 201 .......................................................................... 2

Plaintiffs respectfully submit this memorandum of law in support of their motion pursuant to F. R. Civ. Pro. Rule 12(b)(6) to strike Exhibits 2, 3, and 4 submitted by Defendant Brozen, and Exhibits 3, 4, and 5 submitted by the Defendants Asbury Carbons, Inc. and Patrick Sook (the "Administrator Defendants'), each in support of their respective motions to dismiss Plaintiff's Complaint.

**PRELIMINARY STATEMENT**

In seeking dismissal of the Complaint, Defendants improperly place before the Court a series of documents in an attempt to escape liability in connection with the substantially below fair value Mill Rock Transaction. None of the documents at issue are attached to the Complaint, nor are the documents integral to Plaintiffs' allegations of wrongdoing. Instead, the documents represent an unwarranted and unpermitted attempt by Defendants to inject extraneous facts into the preliminary phase of these proceedings, in violation of the applicable law that governs what materials may, and which may not, be considered on a Rule 12(b) (6) motion to dismiss. In this circumstance, the foregoing extraneous documents should be stricken by the Court and not considered in evaluating the sufficiency of the Complaint.

## LEGAL STANDARD

"When ruling on a motion to dismiss, courts typically make their decisions based on the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *In re Astea Int'l Inc. Sec. Litig.*, No. 06-1467, 2007 U.S. Dist. LEXIS 58238, at *21-23 (E.D. Pa. Aug. 8, 2007) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993)); *accord Pension Benefit Guar. Corp. v. White Consolidated Indus., Inc*. 998 F.2d 1192, 1196 (3rd Cir. 1993) (stating that when deciding a motion to dismiss, courts can generally not go beyond the four corners of the complaint, but holding that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiffs' claims are based on the document."). A court may also consider materials that are integral to the complaint, such as those upon which plaintiffs base their claim. *Circle of Friends ADHC, Inc. v. Nedler,* 2006 WL 1030375, at 3 (E.D. Pa. April 18, 2006).

Further, under Federal Rule of Evidence 201, courts may take judicial notice of a fact "not subject to reasonable dispute that is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned." *Ieradi v. Mylan Lab., Inc.,* 230 F.3d 594, 600 n.3 (3d Cir. 2000). Otherwise, a district court may not consider matters extraneous to the pleadings in

connection with a motion to dismiss brought pursuant to F. R. Civ. Pro. Rule 12(b)(6).[1]

Integral to a complaint does not mean it is integral to a defense. Rather, “what is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Hepner v. Thomas Jefferson Univ. Hosps., Inc.*, No. 12-5443, 2013 U.S. Dist. LEXIS 74839 *11 (E.D. Pa. May 24, 2013) (citing *In re Burlington Coat Factory Sec. Litig*.). *See also Stratechuk v. Bd. of Educ.*, 200 F. App'x 91, 94 (3d Cir. 2006) (finding document not integral to complaint in part because, "[a]t no time in the complaint does [plaintiff] quote from the official policy or even mention it.").

**ARGUMENT**

Defendants have submitted with their motions to dismiss a number of documents that clearly do not qualify for consideration by this Court on their pending motions to dismiss pursuant to Fed. R. Civ. Pro. Rule 12(b)(6).

A. The Court Should Strike Exhibits 3, 4 and 5 to the Administrator Defendants’ Brief

The documents improperly submitted by the Administrator Defendants consist of: Brozen’s Fiduciary Services Agreement, dated December 13, 2021 (Ex

[1] *See also: In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997); *Glaberson v. Comcast Corp*., 2006 WL 2559479 (holding that: “[w]hen deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may look only to the facts alleged in the complaint and its attachments.”)

4, ECF No. 18-4), Addendum to that Brozen Financial Services Agreement, dated August 23, 2022 (Ex. 5, ECF No. 18-5), and an unsigned and incomplete purported July 2022 version of the Plan (Ex. 3, ECF No 18-3).

The Administrator Defendants argue that their Exhibits 3, 4, and 5 are all referenced in the Complaint (Administrator Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiffs' Complaint (ECF No. 18) ("Admin. Mem.") at 5 n.2), but this is not true. None are referred to in the Complaint. Complaint ¶¶ 9, 10, and 14, to which the Administrator Defendants point, contain not a single reference to any of these agreements: Complaint ¶ 9 merely alleges that Brozen served as Trustee for the Plan; Complaint ¶ 10 merely states Brozen had fiduciary duties under ERISA, and Complaint ¶ 14 refers only to the May 2022 Summary Plan Description of the Plan, which obviously is not a summary of a Plan dated July 1, 2022. In fact, the May 2022 Summary Plan Description, states "This is a general summary of the provisions, or Summary Plan Description ("SPD"), of the Asbury Carbons, Inc. Employee Stock Ownership Plan (the "ESOP" or "Plan") as of May 2022." *See* Declaration of Seth R. Lesser, filed herewith ) "Lesser Dec,"), Exhibit D. Moreover, notwithstanding Griffith Dec., ¶ 3 (ECF No. 23), there is no indication, on the face of this July 2022 Plan, that it is authentic as it is not signed by any party and refers, in paragraph 2.3(l) to Section 11.7 of the "Plan," yet this July 2022 unsigned "Plan" ends at paragraph 7.7.

Nor are any of the proffered agreements integral to Plaintiffs' Complaint. Documents that are integral to a pleading are those that "formed the actual source of the plaintiff's case." *Fosburg v. Lehigh Univ*., 1999 U.S. Dist. LEXIS 2833, at *6 n.5 (E.D. Pa. Mar. 4, 1999). Not only are they not integral to the Complaint, they expressly contradict the allegations of the Complaint (*see* Complaint ¶ 12) and "the inferences that [they] wish to draw from these documents" are "to establish substantive merits-based defenses" which "are inappropriate at this juncture." *Hall v. Johnson & Johnson*, 2019 U.S. Dist. LEXIS 221513, *35 (D.N.J. Dec. 27, 2019).

Finally, the Administrator Defendants rely on *Pietrangelo v. NUI* Corp., 2005 LEXIS 40832 (D.N.J. July 20, 2005) in an attempt to justify this Court's consideration their Exhibits 3, 4, and 5, arguing that the Court should consider them because they bear on "whether Plaintiff has sufficiently alleged Defendants' fiduciary status." Admin. Mem. at 5 n.2. *Pietrangelo*, however, does not support their attempt to have this Court consider anything other than the actual plan document referred to in Plaintiffs' Complaint. This is confirmed by that Court's description of the very authorities on which that Court relied:

> *In re Duke ERISA Litig.*, 281 F. Supp. 2d 786, 789 n.3 2003) ("When ruling on a motion to dismiss, the court may properly consider <u>the Plan document</u> in its entirety."); *Hull v. Policy Mgmt. Sys. Corp.*, 2001 U.S. Dist. LEXIS 22343, *3-4 (D.S.C. Feb. 9, 2001) (holding that <u>when the plaintiff relies on Plan language "it is proper for the court to</u>

> consider language contained in the Plan documents even though the plan is not attached to or incorporated into the complaint").

*Pietrangelo*, 2005 LEXIS 40832, * 11 (emphasis added). And in *Pietrangelo*, not only did the plaintiff's complaint specifically refer both to the plans at issue and their contents, 2005 U.S. Dist. LEXIS 40832, *2, 8 and 8 n.4, the Court was not addressing anything other than the specific plan documents referred to in the Complaint, as confirmed by the fact the defendant did not proffer any other documents than those. *See* Lesser Decl., Ex. E. The Administrator Defendants also rely on *Danza v. Fid. Mgmt. Trust Co*., 2012 U.S. Dist. LEXIS 116991(D.N.J. Aug. 20, 2012), but in that case, there was no dispute that the Court could consider the operative plan. *Id.* at *5.

B. The Court Should Strike Exhibits 2, 3 and 4 to the Griffith Declaration

Defendant Brozen improperly submits the following exhibits to the Declaration of Jessica Greer Griffith: Exhibit 2 (the same unsigned purported July 2022 version of the Plan as Administrator Defendants' Exhibit 3) (ECF No. 23-2); Exhibit 3 (the same Addendum to fiduciary services agreement, dated August 23, 2022 as Administrator's Exhibit 5) (ECF No. 23-3); and Exhibit 4 (a so-called Fairness Opinion, dated March 24, 3023) (ECF No. 23-4).

Defendant Brozen's contention that this Court should consider Griffith Exhibits 2 and 3 fails for the same reasons discussed above.

Brozen's arguments in support of considering these Exhibits is even weaker than those advanced by the Administrator Defendants in that Brozen does not refer to any specific references to the Complaint. Rather, he just cites a case in which a court held that documents that are "specifically referenced in a plaintiff's complaint or central to a plaintiff's complaint on motion to dismiss" can be considered by a court. Defendant Brozen Memorandum in Support of His Motion to Dismiss (ECF No. 22) ("Brozen Mem.") at 6 n.2. Brozen's failure to identify any Complaint citations is telling as there are none. Nor does Brozen articulate any basis for why these Exhibits are integral to Plaintiffs' claims. As discussed above, none satisfy the standard for being integral to a complaint.

With regard to Exhibit 4 of the Griffith Declaration, a so-called fairness opinion, Defendant Brozen argues that Plaintiffs put it at issue by alleging Brozen did not seek to obtain an independent opinion as to the fairness of the proposed sale. Brozen Mem. at 20 n. 8. The test for considering a document that is not referred to in a complaint is not whether "the plaintiff put it in issue." Were this the test, a defendant could proffer any document that contradicted a complaint on a motion to dismiss. For the same reasons, a document which contradicts an allegation of a complaint cannot be considered integral to it. This so-called fairness opinion should therefore be struck from the record on Brozen's pending motion to dismiss.

## CONCLUSION

For all foregoing reasons, Plaintiffs respectfully submit that their motion to strike the Administrator Defendants' Exhibits 3, 4 and 5, and Griffith Exhibits 2, 3 and 4 should be granted in all respects.

Dated: August 28, 2023

Respectfully submitted,

s/ Seth Lesser
Seth R. Lesser
Jeffrey A. Klafter (*Admitted PHV*)
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
seth@klafterlesser.com
jak@klafterlesser.com

Michael A. Galpern
Javerbaum Wurgaft Hicks Kahn
Wikstrom and Sinins, P.C.
1000 Haddonfield-Berlin Road,
Suite 203
Voorhees, NJ 08043

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 28, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sends notification of such filing to all counsel of record.

/s/ *Seth R. Lesser*
Seth R. Lesser