**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LANCE MILLER and LARRY RICHARDSON, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEIL BROZEN, ASBURY CARBONS, INC., PATRICK SOOK and ASBURY CARBONS, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Defendants. | Civil Action No.: 3:23-cv-02540 (RK) (JYQ)<br><br>**AMENDED PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and good cause appearing for the entry of this Order**:**

**IT IS on this day of September 28, 2026 ORDERED THAT:**

## I. DISCLOSURES

1. The initial disclosures required by Fed. R. Civ. P. 26 must be served by July 31, 2026.

## II. DISCOVERY

2. All parties must conduct discovery expeditiously and diligently. In addition, all discovery conducted must be proportional to the needs of the case considering the factors set forth in Fed. R. Civ. P. 26(b)(1).

3. The parties' initial written discovery requests must be served by August 7, 2026.

4. In accordance with Fed. R. Civ. P. 33, the parties may serve twenty-five (25) single interrogatories (including all sub-parts). In accordance with Fed. R. Civ. P. 30, the parties are limited to ten (10) depositions per side.

5. No objections to questions posed at depositions shall be made other than as to form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

6. Any motion to amend the pleadings or to join new parties, whether by amended or third-party complaint, must be filed by November 16, 2026.

7. All fact discovery, including any third-party depositions, is to be completed by April 30, 2027. No discovery is to be issued or conducted after this date.

8. Discovery motions shall not be made without prior leave of Court and shall be submitted in accordance with Judge Quinn's Case Management Order.

9. Dispositive motions (including *Daubert* motions), if any, shall be filed by a date to be determined.

10. Counsel must meet and confer in a good faith effort to resolve any discovery or case management dispute before bringing such dispute to the attention of the Court. See L. Civ. R. 16.1(f)(1). Any unresolved disputes must be brought to the Court's attention promptly, in compliance with paragraph 6 of Magistrate Judge Quinn's Case Management Order, which is available on the District Court's Website. (See JTQPreferencesCaseManagementOrder.pdf (uscourts.gov)).

## III. CLASS CERTIFICATION

11. Plaintiffs shall file their motion for class certification by January 29, 2027.

12. Defendants shall file any opposition to Plaintiffs' motion for class certification by March 1, 2027.

13. Plaintiffs shall file any reply in response to any opposition filed by Defendants by March 30, 2027.

## IV. EXPERTS

14. All affirmative expert disclosures and reports (liability and damages) must be served by May 28, 2027. All such reports must be in the form and content required by Fed. R. Civ. P. 26(a)(2)(B).

15. All responding expert disclosures and reports must be served by July 12, 2027. All such reports shall be in the form and content as described above.

16. All expert depositions are to be concluded by August 30, 2027.

17. No expert shall testify at trial as to any opinions or base those opinions on fact not substantially disclosed in his or her report.

## V. FUTURE CONFERENCES

18. The Court will conduct a telephone status conference on December 14, 2026 at 2:00pm; Counsel for Plaintiffs is directed to initiate the call to (609) 989-2144. The parties are directed to submit a joint status letter three (3) days prior to the conference. Counsel must confer at least 48 hours in advance of each Court appearance to confirm attendance and to review any matters to be discussed with the Court.

19. The Court may from time-to-time schedule conferences as may be required, either *sua sponte* or at the request of a party. Failure to appear at such conferences, or to comply with the terms of this or any Court Order, may result in the imposition of sanctions.

20. Counsel should be prepared to discuss settlement at every conference with the Court. Lead trial counsel and client(s) with full settlement authority are required to appear at any settlement conference conducted by the Court. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision regarding settlement will be the person available for the conference.

21. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

HON. JUSTIN T. QUINN
United States Magistrate Judge